A bill was filed in this court asking for the appointment of a receiver for this company and a rule to show cause was issued. Thereafter, and with knowledge of the chancery proceedings, an application was made to the federal court, and a receiver was there appointed. On the return day of the rule I appointed a custodial receiver, and this is the return of the order to show cause why the receiver should not be made permanent. All the parties have appeared.
I believe the principles laid down in the case of Michel v.Necker, 90 N.J. Eq. 172, by Vice-Chancellor Lane, apply here. And even with greater force, because in the Necker Case a receiver was first appointed in the federal court and yet the learned vice-chancellor appointed a receiver.
In the case before me proceedings were first instituted in this court.
Vice-Chancellor Lane said in the Necker Case: "If, prior to the award of the injunction and appointment of the receiver in this suit, there had been pending in this court a general equity administration suit, such as is now pending in the district court, there is no doubt but that this suit would supersede that."
It seems to me that this matter involves a larger question than what group of creditors or what group of lawyers controls the settlement of this corporation's affairs. It is whether or not the State of New Jersey shall, through its courts, control the artificial persons it has by its statutes called into being, in so far as such control does not violate the United States constitution and statutes.
I am convinced that this court, where the proceedings originated, has, under the decisions, a right to administer this estate superior to that of the United States court and exclusive of it. I do not propose to be the one to surrender any rights that the state may have as represented by this court. *Page 455 
I shall make the receiver permanent, and instruct him to appear in the United States court and proceed therein according to the practice outlined by Vice-Chancellor Lane in the Necker Case.